# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SRI KRISHNA JEWELERS, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 06-1176 (EGS)** |
| | ) |
| | ) |
| **UNITED STATES CITIZENSHIP AND** | ) |
| **IMMIGRATION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant, United States Customs and Immigration Services ("USCIS" or the Agency"), respectfully moves to dismiss the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In the alternative, Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff initiated this action under the Administrative Procedures Act ("APA") seeking judicial review of the Agency's discretionary decision to deny its visa petition.  This Court lacks jurisdiction over such claims, and therefore, must dismiss the Plaintiff's  Complaint.  In the alternative, the Court should grant summary judgment in favor of Defendant because there is no genuine issue of material fact in dispute and USCIS did not violate the APA when it denied Plaintiff's petition for a nonimmigrant visa.  In support of this motion, the Defendant respectfully refers the Court to the Statement of Material Facts Not in Dispute, and the Memorandum of Points and Authorities in Support, attached hereto.  A proposed order consistent with this motion is provided.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
KATHLEEN KONOPKA, D.C. Bar No. 495257
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 616-5309


*Of Counsel:*
Allen Kenny, Esq.
Service Center Counsel
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SRI KRISHNA JEWELERS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action No. 06-1176 (EGS)** |
| | ) | |
| | ) | |
| **UNITED STATES CITIZENSHIP AND** | ) | |
| **IMMIGRATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LcvR 7.1(h), Defendant respectfully submits this statement of material facts

as to which there is no genuine dispute.

1.    On August 31, 2004, Plaintiff filed a Petition for Non-Immigrant Worker, form I-129,

pursuant to section 101(a)(15)(L) of the Immigration and Nationality Act ("INA") for

beneficiary Romy George, a native and citizen of India.  (Complaint "Compl." at ¶ 10; A.R. at

1).[1]  According to the petition, Plaintiff sought Mr. George's admission to the United States on

an L-1B visa as a intra-company transfer employee with specialized knowledge.  (Compl. at ¶

10; A.R. at 1-3).

2.    By letter dated March 7, 2005, USCIS notified Plaintiff that it intended to deny its

petition based on its failure to establish the ownership of and qualifying relationship between

---

[1]    "A.R." refers to the Administrative Record submitted with this pleading.
Pursuant to Fed. R. Civ. P. 5(d), an unredacted copy of the record is hereby served on Plaintiff's
attorney at the time of filing.  In order to protect Plaintiff's private information, pursuant to
LCvR 5.4(f), an appropriately redacted version of the administrative record will be filed with the
Court.

Plaintiff and the foreign company that employed Mr. George, and its failure to establish that the sales position for which Mr. George was sought required "specialized knowledge" that Mr. George possessed as required by the L-1B visa classification.  (A.R. at 241-244).   Plaintiff was provided the opportunity to submit additional evidence regarding these requirements.  (Id.).

3.      Plaintiff responded to Defendant's letter on April 8, 2005.  (A.R. at 251).  However, Plaintiff provided no additional evidence that substantiated its claim that Mr. George was currently employed in India by Plaintiff's "parent" company.  (A.R. at 251-252).

4.       On June 28, 2005, the Nebraska Service Center ("NSC") of USCIS denied Plaintiff's petition for non-immigrant worker.  (A.R. 357).  It based its decision on Plaintiff's failure to adequately establish a qualifying relationship between it and the beneficiary's foreign employer, and on the ground that the record failed to evidence Mr. George's possession of "specialized knowledge" as required by the statute.  (A.R. at 358-359).  Plaintiff was informed that it could appeal this decision to USCIS's Administrative Appeals Office.  (A.R. 360).  The record does not reflect that Plaintiff ever exercised its appeal rights.

5.      On August 3, 2005, Plaintiff filed a motion to reopen and reconsider with NSC.  (A.R. at 361-362).  On August 30, 2005, NSC denied this motion as untimely.  (A.R. at 361).

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 616-5309

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SRI KRISHNA JEWELERS, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 06-1176 (EGS)** |
| | ) |
| | ) |
| **UNITED STATES CITIZENSHIP AND** | ) |
| **IMMIGRATION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff Sri Krishna Jewelers, Inc. brings the above-captioned action to challenge the denial of its petition for an L-1B visa on behalf of Romy George. Judicial review of such decisions is statutorily precluded. Thus, the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction and because it fails to state a claim upon which relief can be granted. In the alternative, the Court should grant summary judgment because there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.

**BACKGROUND**

**I.    The Statute and Regulations**

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq., permits the admission to the United States of any alien as a nonimmigrant "for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184. Among the

nonimmigrant classifications is the intra-company transferee, or "L-1" nonimmigrant

classification, which includes an alien who

> within three years preceding the time of his application for
> admission into the United States, has been employed continuously
> for one year by a firm or corporation or other legal entity or an
> affiliate or subsidiary thereof and who seeks to enter the United
> States temporarily in order to continue to render his services to the
> same employer or a subsidiary or affiliate thereof in a capacity that
> is managerial, executive, or involves specialized knowledge….

8 U.S.C. § 1101(a)(15)(L).

In order to meet the requirements of this statute, the petitioning company must establish a

qualifying relationship between itself and the beneficiary's foreign employer.  Specifically, the

petitioner must demonstrate that it is either the "parent," "affiliate," or "subsidiary" of the

foreign employer.  8 C.F.R. 214.2(l)(1)(ii)(G).  "Parent"means a firm, corporation, or other legal

entity which has subsidiaries.  8 C.F.R. 214.2(l)(1)(ii)(I).  An "affiliate" is

> (1) One of two subsidiaries both of which are owned and controlled by the
> same parent or individual, or
> (2) One of two legal entities owned and controlled by the same group of
> individuals, each individual owning and controlling approximately the same
> share or proportion of each entity, . . .

8 C.F.R. 214.2(l)(1)(ii)(L).  A "subsidiary" is

> a firm, corporation, or other legal entity of which a parent owns, directly or indirectly,
> more than half of the entity and controls the entity; or owns, directly or indirectly, half of
> the entity and controls the entity; or owns, directly or indirectly, 50 percent of a 50-50
> joint venture and has equal control and veto power over the entity; or owns, directly or
> indirectly, less than half of the entity, but in fact controls the entity.

8 C.F.R. 214(l)(1)(ii)(K).

For an "L-1B" visa applied for under this statute, the petitioner must also demonstrate the

beneficiary's "specialized knowledge," which is defined as:

> special knowledge possessed by an individual of the petitioning
> organization's product, service, research, equipment, techniques,
> management, or other interests and its application in international
> markets, or an advanced level of knowledge or expertise in the
> organization's processes and procedures.

8 C.F.R. § 214.2(l)(1)(ii)(D).

The Attorney General, after consultation with appropriate government agencies, determines questions regarding admission of aliens as nonimmigrants under 8 U.S.C. § 1101(a)(15)(L). See 8 U.S.C. § 1184. The petition must be "in such form and contain such information as the Attorney General shall prescribe." Id. Courts have noted congressional intent that the "L" visa category be narrowly circumscribed. See Nat'l Hand Tool Corp. v. Pasquarell, 889 F.2d 1472, 1476 (5th Cir. 1989)(discussing legislative history and noting that the class of applicants eligible for L visas was intended to be "small and carefully monitored by the INS"); 52 Fed. Reg. at 5740 (discussing congressional intent that the class of persons eligible for the L visa be "narrowly drawn").

## II.    Factual and Procedural History

Plaintiff claims to be a Michigan corporation engaged in the sale of Indian jewelry. (Compl. at ¶ 2, 8).[2] On August 31, 2004, Plaintiff filed a Petition for Non-Immigrant Worker, form I-129, pursuant to section 101(a)(15)(L) of the INA for beneficiary Romy George, a native and citizen of India. (Compl. at ¶ 10; A.R. at 1). According to the petition, Plaintiff sought Mr. George's admission to the United States on an L-1B visa as a intra-company transfer employee with "specialized knowledge" as a "Sales Executive." (Compl. at ¶ 10, 25; A.R. at 1-3). Plaintiff asserted that Mr. George was currently employed at its "parent" company Sri Krishna

---

[2]    According to the Michigan Corporate Entity Database, Plaintiff was dissolved on July 15, 1994. (Exhibit "Exh." 1).

Jewellers in India.  (Compl. at ¶ 11; A.R. at 3, 11).  Plaintiff had filed two previous L-1B petitions on Mr. George's behalf which were denied by USCIS.  (A.R. 241).

With its August 2004 petition, Plaintiff submitted an apparent stock certificate which indicated that, as of February 1993, Sri Krishna Jewellers owned 100 of the 50,000 shares of stock authorized in Sri Krishna Jewelers, Inc.  (A.R. 20-22).  Also submitted was an undated "Certificate of Shareholders" signed by Pradeep Kumar, Plaintiff's "secretary," indicating that "all 100 shares of common stock" in Plaintiff have been issued to Sri Krishna Jewellers, "an Indian co-partnership."  (A.R. 23).  However, tax returns for 1997, 1998, and 2000 indicate that Plaintiff is owned entirely by either Pradeep Kumar or his wife, Bharti Agarwal.  (A.R. 69, 79, 91, 93).

Plaintiff provided a letter dated September 15, 2003, addressed to the Internal Revenue Service and signed by Ken Doshi, CPA, which indicates that, for the tax year ending June 30, 2001, he had erroneously asserted that Plaintiff was entirely owned by Bharati Agarwal rather than Sri Krishna Jewellers, an Indian corporation.  (A.R. 264).  An income tax return for 2002 indicates that Pradeep Kumar owns no stock in Plaintiff.  (A.R. 106).  However, a letter dated April 7, 2005, signed by Nisha K. Doshi, CPA, asserts that Pradeep Kumar is the owner of Plaintiff.  (A.R. 287).

The Agency noted discrepancies regarding the ownership and control of Plaintiff in its March 7, 2005, "intent-to-deny" letter.  (A.R. 241).[3]  It questioned the veracity of Plaintiff's qualifying relationship with the foreign entity and asked Plaintiff to explain and resolve the contradictory evidence.  (A.R. at 242).  The Agency also requested that Plaintiff provide legal

---

[3]     USCIS noted that, with minor modifications, Plaintiff's current petition was "nearly identical" to Plaintiff's  previous petition filed on Mr. George's behalf and denied by the agency on February 25, 2004.  (A.R. at 242).

documentation that validated the ownership and control of Sri Krishna Jewellers, the Indian company.  (Id.).  USCIS informed Plaintiff that the current record did not establish that Mr. George's knowledge regarding the sale of Plaintiff's jewelry "is uncommon, noteworthy, or distinguished by some unusual quality that is not generally known by other practitioners who are similarly educated and trained and/or engaged" in the jewelry business, or that the sales position for which Mr. George was sought "require[s] a person with 'specialized knowledge' as that term is discussed in the regulations."  (A.R. at 243).

Plaintiff responded to Defendant's letter on April 8, 2005.  (A.R. 251).  However, Plaintiff refused to provide any additional evidence regarding the ownership and control of Plaintiff and the Indian company because "[n]either the State of Michigan nor any other U.S. government entity requires corporations to disclose their shareholders."  (A.R. 251).  In regard to Mr. George's proposed position, Plaintiff asserted that he would be responsible for developing and implementing a sales strategy for Plaintiff's jewelry.  (A.R. 252-253).  This would include market research, preparing sales reports, supervising sales associates, meeting with customers, and the coordination of trade shows.  (A.R. 253).  Plaintiff averred that this position requires "specialized knowledge" possessed by Mr. George, because "Sri Krishna Jewelers custom designs most of its jewelry to meet customer specifications . . . thus requiring a Sales Executive to be sufficiently knowledgeable regarding the parent company's design and manufacturing processes to accurately assess the feasibility and price any customer's proposed design . . . and [because] Indian jewelry in general is vastly different than U.S. jewelry . . ."  (A.R. at 255-256).

On June 28, 2005, the Agency denied Plaintiff's petition.  (A.R. 357).  USCIS found that the record did not conclusively establish a qualifying relationship between Plaintiff and the foreign entity where the beneficiary was currently employed, and that Plaintiff had refused to

respond to Defendant's queries regarding the ownership of Plaintiff and the Indian company. (A.R. 358-359).   The Agency alternatively held that the petition failed to substantiate the beneficiary's possession of "specialized knowledge:" "while the beneficiary may be competent and experienced within his profession, comparative analysis techniques do not demonstrate that the beneficiary's skill set is advanced when compared to co-workers or jewelry specialists that are routinely engaged within the industry."  (A.R. at 359).[4]

Plaintiff was informed that it could appeal this decision to USCIS's Administrative Appeals Office.  (A.R. 360).  There is no evidence that Plaintiff exercised its appeal rights.  (See Compl. at ¶ 7).  Plaintiff filed a Motion to Reopen and Reconsider with the Nebraska Service Center of USCIS on August 3, 2005.  (A.R. 362).  This motion was denied as untimely.  (A.R. 361).

## LEGAL ARGUMENT

### I.    Standards of Review

#### A.  Dismissal under 12(b)(1) and 12(b)(6)

 "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346

---

[4]    USCIS' decision also referenced its previous denial of a nearly identical petition filed by Plaintiff on Mr. George's behalf.  (A.R. 359, see A.R. 245).  "The fact that the beneficiary knows how to open a bracelet with a special hinge or that the earrings have special backs on them is not specialized knowledge.  Rather, it is what would be expected of any salesperson; knowledge of the product being sold."  (A.R. at 248).

F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; Rann, 154 F. Supp.2d at 64.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.  See Sullivan-Obst v. Powell, 300 F. Supp. 2d 85, 91 (D.D.C. 2004).  The Court may grant such a motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  Thus, in resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true and draw all reasonable inferences therefrom in the plaintiff's favor.  See Macharia v.United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), cert. denied, 540 U.S. 1149 (2004); Holy Land Foundation v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003), cert. denied, 540 U.S. 1218 (2004).  On the other hand, the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  See Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 1993).

### B. Summary Judgment

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere existence of a factual dispute, however, will not defeat summary judgment.

The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Moreover, if the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson, 477 U.S. at 249-50. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

13

**II.     Judicial Review of the Agency's Discretionary Decision is Statutorily Precluded**

In 1996, Congress passed legislation to reduce, and in some cases eliminate, judicial review of certain immigration-related decisions made by the former Immigration and Naturalization Service ("INS," now USCIS).  See Sec. 306, Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996).[5]  See Mahaveer, Inc. v. Bushey, 2006 WL 1716723 at *2 (D.D.C. June 19, 2006) (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 486 (1999) ("protecting the Executive's discretion from the courts . . . can fairly be said to be the theme of the legislation")).  In particular, Section 1252(a)(2)(B)(ii) of the IIRIRA, "[n]otwithstanding any other provision of law," divests courts of jurisdiction to review any "decision or action of the Attorney General the authority for which is specified under [subchapter 2 of chapter 12 of 8 U.S.C., to wit: sections 1151-1378] to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title [asylum]."  8 U.S.C. § 1252(a)(2)(B)(ii).  See Mahaveer, 2006 WL 1716723 at *2.

Section 1184 of the INA, which governs the admission of non-immigrants, including those pursuant to the L-1B visa applicable in this case, is subject to the strictures of 8 U.S.C. § 1252(a)(2)(B)(ii).  See Mahaveer, 2006 WL 1716723 at *2.  Thus, if the decision to grant or deny this visa has been committed to the discretion of the Attorney General, this Court lacks subject matter jurisdiction over Plaintiff's claim.

---

[5]     This legislation was amended in 2005 to clarify that a discretionary decision of the Attorney General regarding relevant immigration matters is shielded from judicial review "regardless of whether the judgment, decision, or action is made in removal proceedings."  The Real ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231.

"The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184(a)(1). The decision whether to admit an alien as an intra-company transferee pursuant to INA § 101(a)(15)(L), invoked by Plaintiff, "shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition by the importing employer." 8 U.S.C. § 1184(c)(1). This Court has previously held that this statutory language left decisions regarding L visas "to the discretion of the Attorney General," and thus, that it lacked subject matter jurisdiction to review USCIS's decision to deny extension of a visa under L-1B's companion, L-1A. Mahaveer, 2006 WL 1716723 at *4. See Zhu v. Gonzales, 411 F.3d 292, 293 (D.C. Cir. 2005) (§ 1252(a)(2)(B)(ii) of the IIRIRA deprived court of jurisdiction to review Attorney General's refusal to waive requirement of "labor certification" in order to petition for work visa). See also Global Export/Import Link, Inc. v. U.S. Bureau of Citizenship and Immigration Serv., 423 F.Supp.2d 703 (E.D.Mich. 2006) (court lacked jurisdiction to review denial of extension of L-1A visa).

In this case, USCIS has exercised the discretion delegated to it by the Attorney General to deny Plaintiff's petition for an L-1B visa on behalf of Romy George. Section 1252(a)(2)(B)(ii) of the IIRIRA precludes this Court from reviewing that discretionary decision. Thus, the Court should dismiss Plaintiff's complaint.

**III.    Even If This Court Exercises Jurisdiction Over Plaintiff's Claim, Plaintiff Cannot Prevail Under The APA.**

    **A.    Defendant's Decisions Regarding The Admission Of Aliens Require Deference.**

The APA empowers a court to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A), (C).  See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-15 (1971).  Although the judiciary bears the responsibility under the APA to set aside agency decisions that meet this description, see MD Pharmaceutical, Inc. v. Drug Enforcement Admin., 133 F.3d 8, 16 (D.C. Cir.1998), "[t]he scope of review under the 'arbitrary and capricious standard' is narrow and a court is not to substitute its judgment for that of the agency."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also IKEA U.S., Inc. v. INS, 48 F.Supp.2d 22, 23 (D.D.C. 1999), aff'd, 1999 WL 825420 (D.C.Cir. 1999).  Rather, the court's task is to determine whether the agency's decision is "within the bounds of reasoned decision making."  Baltimore Gas & Elec. Co. v Natural Resources Defense Council, 462 U.S. 87, 105 (1983).  Agency action is arbitrary or capricious "only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  Wilson v. U.S. Dep't of Agric., 991 F.2d 1211, 1215 (5th Cir. 1993), cert. denied, 510 U.S. 1192 (1994).    This highly deferential standard presumes the agency action to be valid.  See Kisser v. Cisneros, 14 F.3d 615, 619 (D.C. Cir. 1994); see also International Broth. of Teamsters v. United States, 735 F.2d 1525, 1534 (D.C. Cir. 1984).

Furthermore, "[w]hen an agency interprets its own administrative regulation promulgated under the statute charged to its administration, [a] court owes a high degree of deference." Jersey Shore Broadcasting Corp. v. FCC, 37 F.3d 1531, 1536 (D.C. Cir. 1994); see Lyng v. Payne, 476 U.S. 926, 939 (1986) ("agency's construction of its own regulations is entitled to substantial deference"); Chevron v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).  "[T]he well-reasoned views of the agencies implementing a statute 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for

guidance,'" Bragdon v. Abbott, 524 U.S. 624, 642 (1998)(quoting Skidmore v. Swift & Co., 323 U.S.134, 139-140 (1944)).  Courts "have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations."  Chevron, 467 U.S. at 844 (1984).  See Yellow Transp. Inc. v. Michigan, 537 U.S.36 (2002) (holding that the agency's interpretation of the statute it was charged with implementing was a permissible reading of the statutory language and reasonably resolved any ambiguities).

In visa petition proceedings, even assuming jurisdiction, the district court's review would be limited.  The court would examine the record to ensure that the Agency's decision "was based on a consideration of the relevant factors and that the decision was not clear error."  IKEA U.S., Inc., 48 F.Supp.2d at 23.  Prior to Congress' promulgation of the IIRIRA and its 2005 amendment, courts found that USCIS "abuses its discretion by making decisions without rational explanation, departing inexplicably from established policies, or discriminating invidiously against a particular race or group."  Rodriguez-Rivera v. INS, 993 F.2d 169, 170 (8th Cir. 1993). USCIS's interpretation of its regulations is accorded substantial deference and is controlling "unless it is plainly erroneous or inconsistent with the regulation."  Id. (citations omitted).

Moreover, in a similar case, the Ninth Circuit held that INS's (now USCIS) interpretation of the INA is entitled to deference and should be accepted unless it is demonstrably irrational or clearly contrary to the plain meaning of the statute.  Occidental Engineering Co. v. INS, 753 F.2d 768 (9th Cir. 1985).  In that case, the Court found that the petitioning business had failed to demonstrate that the agency's refusal to classify a particular alien as a professional under the INA was irrational.  The Court noted that the agency had chosen to construe the statute narrowly so that the alien's occupation as an editor/translator would not qualify as a member of the

"professions." The Court concluded that "[t]he Service need not construe statutory language as broadly as possible." Id. at 769.

**B.    USCIS's Decision Was Not Arbitrary, Capricious, Or An Abuse Of Discretion**

Plaintiff alleges that "inasmuch as the evidence contained in the record unequivocally demonstrates that Romy George had over 1 year of experience with [Sri Krisha Jewellers] in India in a position which involved specialized knowledge, and will be employed in a specialized knowledge capacity with [Sri Krishna Jewelers, Inc.] in the U.S., and that [Plaintiff] is [Sri Krishna Jewellers'] wholly owned subsidiary, the CIS's decision of July 2, 2005, was arbitrary, capricious, unsupported by substantial evidence in the record and/or otherwise not in accordance with law." (Compl. at ¶ 29). This assertion, however, grossly overstates the record evidence and ignores pertinent parts of the record which contradict Plaintiff's claim.

The Agency based its denial of Plaintiff's petition on there being a lack of sufficient evidence in the record to support the qualifying relationship between Plaintiff and Mr. George's foreign employer and the need for "specialized knowledge" in the proposed position that Mr. George possessed. (A.R. 357-359). In visa petition proceedings, it is the Plaintiff's burden to establish by a preponderance of the evidence that its petition meets all requirements and that the beneficiary is fully qualified for the benefit sought. Nat'l Hand Tool Corp., 889 F.2d at 1475.

Plaintiff failed to sustain its burden to establish that it is a "wholly owned subsidiary" of the Indian company, because certain record evidence contradicts its claim. Specifically, Plaintiff's Articles of Incorporation set forth that 50,000 shares of common stock were authorized; however, the evidence presented is that Sri Krishna Jewellers may own 100 of those shares. (A.R. 21-23). While Plaintiff's "secretary" Pradeep Kumar certifies in an undated

18

statement that the Indian company is the only shareholder in Plaintiff, income tax returns from

1997, 1998, and 2000 dispute this assertion.  (A.R. 69, 79, 91, 93).  Moreover, an April 7, 2005,

letter signed by a member of an accounting firm apparently used by both Plaintiff and Mr.

Kumar, asserts that Mr. Kumar, not the Indian company, is the majority owner of Plaintiff.

(A.R. 287).  Although Plaintiff was given an opportunity to resolve these conflicts by providing

further evidence of the ownership of both Plaintiff and the Indian company, it refused to do so.

(A.R. 241-243, 251-253).

        Additionally, Plaintiff failed to establish that the proposed sales position required

anything more than "what would be expected of any salesperson; knowledge of the product

being sold,"  (A.R. at 248), or that Mr. George's eight months' observing the design and

manufacture of jewelry in India provided him with knowledge that is so "uncommon,

noteworthy, or distinguished by some unusual quality that is not generally known by other

practitioners who are similarly educated and trained and/or engaged," in the jewelry business,

(A.R. 243), to constitute the "specialized knowledge" envisioned by the statute and regulations.

See Boi Na Braza Atlanta, LLC v. Upchurch, 2006 WL 2460784 at *1 (5th Cir. August 22, 2006)

(agency could have rationally determined that "meat-specialists'" knowledge of Brazilian

cooking was insufficiently specialized to merit L-1B status).

        Thus, Plaintiff is without basis to claim that the Defendants' decision in this case was

arbitrary, capricious, or an abuse of discretion.  The decision carefully analyzed the evidence

presented by Plaintiff against the applicable statute and the regulatory guidelines promulgated by

the Agency and set forth at 8 C.F.R. § 214.2(l).  The requirements for L-1 status are part of a

complex and highly technical regulatory program, which requires that the adjudicator have

significant expertise and entails the exercise of judgment grounded in important policy concerns.

Defendant considered the relevant facts contained in the record, the apparent conflicts among them, and construed the statute and regulations, consistent with their plain language, to apply in this case.

Defendant's decision was not clearly erroneous, and the Court must defer to Defendant's interpretation and application of the regulations as they apply to the beneficiary.  Thus, judgment as a matter of law is appropriate.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's complaint, or in the alternative, summary judgment for Defendant.

Respectfully submitted,
/s/
_____

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____

KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 616-5309

*Of Counsel:*
Allen Kenny, Esq.
Service Center Counsel
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501